**The below described is SIGNED.**



**Dated: March 13, 2014**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge



---

Duane H. Gillman (#1194)
dgillman@djplaw.com
Kenneth L. Cannon II (#3705)
kcannon@djplaw.com
Ian Davis (#11190)
idavis@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Attorneys for Duane H. Gillman, Chapter 7 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TWIN PEAKS FINANCIAL SERVICES, INC., aka KENNETH C. TEBBS, aka MNK INVESTMENTS, INC., and MNK INVESTMENTS,<br><br>     Debtor. | Bankruptcy Case Number<br>07-25399<br>07-25401<br>(Substantively Consolidated as 07-25399)<br><br>Chapter 7 |
| DUANE H. GILLMAN, as Chapter 7 Trustee,<br><br>     Plaintiff,<br><br>vs.<br><br>CHRISTOPHER RUSSELL aka CHRIS RUSSELL, an individual,<br><br>     Defendant. | Adversary Proceeding Number<br><br>09-02687<br><br>Judge R. Kimball Mosier |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COUNT 1 OF COMPLAINT
(AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER § 547 AND LIABILITY OF
<u>TRANSFEREE UNDER § 550 ON PREFERENTIAL TRANSFERS</u>)**

SLC_1743368.1

Plaintiff Duane H. Gillman (the "Plaintiff" or the "Trustee"), as trustee for the chapter 7 estate of the substantively consolidated Twin Peaks Financial Services, Inc., and MNK Investments ("Twin Peaks" or the "Debtor"), filed his Motion for Summary Judgment ("Trustee's Motion") against defendant Christopher Russell ("Russell" or the "Defendant"), and a memorandum and the declaration of Mark D. Hashimoto dated May 15, 2013 (the "Hashimoto Decl.") in support of the Trustee's Motion. Russell filed a memorandum (the "Defendant's Memo in Opposition") and the declaration of Christopher Russell (the "Russell Declaration") in opposition to the Trustee's Motion. Russell did not deny the allegations related to the Trustee's count one against the Defendant in Count 1, Preferential Transfer under 11 U.S.C. § 547 and Liability of Transferee for avoided preferential transfer under 11 U.S.C. § 550 (the "Preference Claims"). The Trustee and the Defendant also filed other memoranda relating to summary judgment in this adversary proceeding, but those involved arguments on Counts 2 and 3 of the Complaint regarding the avoidance of fraudulent transfers under 11 U.S.C. § 548 and 544(b) and state law.

A hearing on the Trustee's Motion was held on January 15, 2014. Most of the evidence and argument related to Counts 2 and 3 of the Complaint, not the Preference Claims under Count 1. Appearances were as noted on the record of the hearing. At the hearing, Counsel for the Defendant acknowledged that the Defendant did not contest the Preference Claims. At the conclusion of the hearing, the Court took the Trustee's Motion as to Counts 2 and 3 under advisement, but orally granted the Trustee's Motion as to Count 1 on Preference Claims.

Having reviewed the Trustee's Motion and accompanying memorandum and declaration, the Defendant's memorandum and declaration in opposition to the Trustee's Motion, the

2

statements of counsel on the record at the hearing, and after due deliberation thereon and good and sufficient cause appearing therefore, the Court hereby makes the following findings of fact and conclusions of law:[1]

**FINDINGS OF UNDISPUTED FACT**

The Court finds that there is no genuine dispute regarding the following facts:

1. On November 9, 2007 (the "Petition Date"), an involuntary petition filed under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed by certain creditors of Twin Peaks Financial Services, Inc. ("Twin Peaks") and MNK Investments ("MNK"). Complaint, ¶ 6; Answer, ¶ 6.

2. On December 4, 2007, an order for relief under chapter 11 of the Bankruptcy Code was entered against Twin Peaks and MNK. On June 18, 2008, the cases against Twin Peaks and MNH were substantively consolidated. Twin Peaks and MNK will be referred to as the "Debtor"). Complaint, ¶ 7; Answer, ¶ 7.

3. On July 2, 2008, Duane H. Gillman was appointed Trustee of the Debtor's estate. Complaint, ¶ 9; Answer, ¶ 9.

4. The Trustee commenced this adversary proceeding on November 25, 2010. Docket no. 1. The summons associated issued in this adversary proceeding was served on the Defendant on Mary 18, 2010. Docket no. 3.

5. On August 15, 2007, the Debtor made two transfers to Russell, one in the amount of $28,590.00 and other in the amount of $206,000 (the "Preferential Transfers"). Statement of Elements and Undisputed Material Facts in Trustee's Motion ("Trustee's Stmt. Undisputed

---

[1] These findings of fact and conclusions of law shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (the "Bankruptcy Rules"). To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3

Facts"), ¶ 17; Defendant's Memo in Opposition, Response to ¶ 17; Hashimoto Declaration, ¶ 11. The Preferential Transfers were, therefore, made within ninety days before the Petition Date.

6. The Preferential Transfers were transfers of an interest in property of the Debtor. Trustee's Stmt. Undisputed Facts, ¶ 17; Defendant's Memo in Opposition, Response to ¶ 17;

7. The Defendant was a creditor of the Debtor at the time of the Preferential Transfers. Trustee's Stmt. Undisputed Facts, ¶ 18; Defendant's Memo in Opposition, Response to ¶ 18.

8. The Preferential Transfers were made to Defendant for or on account of an antecedent debt owed by the Debtor to the Defendant. Trustee's Stmt. Undisputed Facts, ¶ 19; Defendant's Memo in Opposition, Response to ¶ 19.

9. The Preferential Transfers were made while the Debtor was insolvent. Trustee's Stmt. Undisputed Facts, ¶ 20; Defendant's Memo in Opposition, Response to ¶ 20; Findings of Fact and Conclusions of Law with Respect to Order Granting Summary Judgment in Consolidated Proceeding on Issue of Debtor's Insolvency and Related Issues entered August 13, 2012, Misc. Proc. No. 11-08005., ¶¶ 24, 25, 27, 28, 29, 30, 31, 32, 33, 35, 36, 38, 40.

10. The Preferential Transfers allowed the Defendant to receive more than the Defendant would receive in a hypothetical liquidation under chapter 7. Hashimoto Decl., ¶ 13.

11. Russell was the initial transferee of the Preferential Transfers. Trustee's Stmt. Undisputed Facts, ¶ 4; Defendant's Memo in Opposition, Response to ¶ 4; Hashimoto Decl., ¶ 10.

## CONCLUSIONS OF LAW

On the basis of the foregoing undisputed facts, the Court hereby concludes:

1. The Plaintiff seeks to avoid the Preferential Transfers under 11 U.S.C. § 547(b). The Plaintiff bears the burden of proving by a preponderance of the evidence each element of a preferential transfer under 11 U.S.C. § 547(b).

2. The Plaintiff has met this burden by proving all of the elements required for avoidance of the Preferential Transfers under 11 U.S.C. § 547(b).

3. The Plaintiff also seeks to recover the Preferential Transfers or their value pursuant to 11 U.S.C. § 550(a). The Plaintiff bears the burden of proving that the Preferential Transfers were transferred to the Defendant as the initial transferee.

4. The Plaintiff has met this burden by proving that the Preferential Transfers were transferred to the Defendant as the initial transferee.

5. Because there is no genuine dispute as to any material facts establishing the elements for avoidance of the Preferential Transfers under 11 U.S.C. § 547(b) and for recovery of the Preferential Transfers under 11 U.S.C. § 550(a) from the Defendant as the initial transferee of the Preferential Transfers, summary judgment as to Count 1 of the Complaint in favor of the Trustee is appropriate under Fed. R. Bankr. P. 7026 and Fed.R. Civ. P. 56(a), the Trustee is entitled to judgment as a matter of law.

6. The Trustee is entitled to interest on the amount or value of the recovery of the Preferential Transfers at the federal judgment rate applicable pursuant to 28 U.S.C. § 1961(a). *In re Independent Clearing House Co.*, 41 B.R. 985, 1015 (Bankr. D.Utah 1984), *aff'd and rev'd on other grounds, en banc*, 77 B.R. 843 (D.Utah 1987) ("It is well settled that in an action to set

5

aside a preference the trustee is entitled to prejudgment interest from the date of demand for its return, or, in the absence of a prior demand, from the date of commencement of the adversary proceeding").

*   *   *   *   **END OF DOCUMENT**   *   *   *   *

# CERTIFICATE OF SERVICE

**By Notice of Electronic Filing (CM/ECF)**

  I hereby certify that on the 10th day of February, 2014, I electronically filed the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COUNT I OF COMPLAINT (AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER § 547 AND LIABILITY OF TRANSFEREE UNDER § 550 ON PREFERENTIAL TRANSFERS) with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in the above-listed cases, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Burton G Davis bdavis@djplaw.com
- Ian Davis idavis@djplaw.com
- Penrod W. Keith pkeith@djplaw.com, khughes@djplaw.com
- Jessica G Peterson jpeterson@djplaw.com, khughes@djplaw.com
- Vincent C. Rampton vrampton@joneswaldo.com, jmonet@joneswaldo.com
- Jerome Romero jromero@joneswaldo.com, bparry@joneswaldo.com
- Jeffrey Weston Shields jshields@swlaw.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Michael F. Thomson thomson.michael@dorsey.com, montoya.michelle@dorsey.com

**By U.S. Mail** – Regular first class United States mail, postage fully prepaid

  I hereby certify that on the 10th day of February, 2014, I caused to be served a true and correct copy of the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COUNT I OF COMPLAINT (AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER § 547 AND LIABILITY OF TRANSFEREE UNDER § 550 ON PREFERENTIAL TRANSFERS) addressed as follows:

  Jerome Romero
  Jones Waldo Holbrook & McDonough
  170 South Main Street, Suite 1500
  Salt Lake City, UT 84101-1644

            */s/ Kristin Hughes*

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COUNT I OF COMPLAINT (AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER § 547 AND LIABILITY OF TRANSFEREE UNDER § 550 ON PREFERENTIAL TRANSFERS) shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Burton G Davis    bdavis@djplaw.com
- Ian Davis    idavis@djplaw.com
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- Jessica G Peterson    jpeterson@djplaw.com, khughes@djplaw.com
- Vincent C. Rampton    vrampton@joneswaldo.com, jmonet@joneswaldo.com
- Jerome Romero    jromero@joneswaldo.com, bparry@joneswaldo.com
- Jeffrey Weston Shields    jshields@swlaw.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com

                                                Clerk of the U.S. Bankruptcy Court

SLC_1743368.1